UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

PRAVEEN RHYJE REDDY

FILED:_____

VERSUS NO. _____

_____
DEPUTY CLERK OF COURT

STANDARD INSURANCE COMPANY

## COMPLAINT

Plaintiff, PRAVEEN RHYJE REDDY, through undersigned attorneys, brings this action against the Defendant, STANDARD INSURANCE COMPANY, and states as follows:

### JURISDICTION

1.

Plaintiff alleges that plaintiff's claims "relate to" an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. §§ 1001 et seq. and that the subject Plan constitutes a "plan under ERISA." Therefore, plaintiff alleges that this court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e).

2.

Venue is proper within Western District of Louisiana pursuant to 29 U.S.C. § 1132(e)(2) because the acts complained of have occurred within this district.

### PARTIES

3.

Plaintiff is, and at all relevant times was, a resident of Monroe, Louisiana.

4.

Plaintiff alleges on information and belief that defendant, STANDARD INSURANCE COMPANY, is, and at all relevant times was, a corporation authorized to transact and transacting the business of insurance in Louisiana, and was the Claims Administrator for the employee welfare benefit plan under ERISA.

## FACTUAL BACKGROUND

5.

Lumen Technologies, formerly known as Centurylink, Inc., formerly employed Plaintiff as a network control operator.

6.

At the time of Plaintiff's employment, Centurylink offered a Centurylink Group Policy as a benefit to Plaintiff. The group policy is an "employee welfare benefit plan" under ERISA (the "Plan"). The Plan includes long term disability benefits. Defendant administers the Plan.

7.

Plaintiff suffered a stroke on February 1, 2018. Plaintiff was unable to return to work following the stroke.

8.

Plaintiff was terminated from Centurylink as part of a reduction in force on January 1, 2019.

9.

Plaintiff sought long term disability income from the Plan administered by Defendant by timely providing proof of loss pursuant to the terms of the Plan. Defendant denied the claim on the basis that disability benefits are excluded by the pre-existing condition provisions of the Plan.

10.

Plaintiff administratively appealed the decision on April 1, 2019 and September 9, 2019. Plaintiff argued that the disability was not caused by a pre-existing condition citing the opinion of a neurologist and Plaintiff's treating psychiatrist – both physicians disagreed with Defendant's conclusions.

11.

On October 29, 2019, Defendant denied the appeal, closed the administrative record, and determined all administrative remedies had been exhausted.

12.

This action is being timely brought pursuant to the terms of the Plan. Defendant has stated in written that the statute of limitations expires on October 29, 2022. Plaintiff is well within the statute of limitations.

**FIRST CAUSE OF ACTION**

*For Recovery of Plan Benefits, Pursuant to 29 U.S.C. § 1132(A)(1)(B)*

13.

Plaintiff incorporates those allegations of the Jurisdiction, Parties, and Factual Background sections as though set forth here.

14.

Under the terms of the Plan, Defendant agreed to provide plaintiff with long term disability benefits. Defendant failed to provide such benefits.

15.

Denial of benefits to plaintiff constitutes a breach of the Plan between Defendant and Plaintiff. Plaintiff seeks reimbursement and compensation for any and all benefits he would have received as a result of Defendant's failure to provide coverage in an amount presently unknown but to be set forth at the time of trial.

16.

Defendant has arbitrarily and capriciously breached its obligations under the ERISA policy to provide plaintiff benefits even though plaintiff's benefits are covered under the terms of the Plan.

17.

As a direct and proximate result of the conduct of Defendant in failing to provide coverage and pay benefits to Plaintiff, Plaintiff has been damaged in an amount equal to the amount of benefits to which Plaintiff would have been entitled under the terms of the Plan.

18.

As a direct and proximate result of the conduct of Defendant in failing to provide coverage and benefits under the Plan, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other economic and consequential damages, for a total amount to be determined at the time of trial.

19.

Plaintiff is entitled to benefits and prejudgment interest at the appropriate rate.

**SECOND CAUSE OF ACTION**

*For An Award of Attorney's Fees And Costs, Pursuant to 29 U.S.C. § 1132(g)(1)*

20.

Plaintiff incorporates those allegations of the Jurisdiction, Parties, and Factual Background sections along with the First Cause of Action as though set forth here.

21.

29 U.S.C. § 1132(g)(1) authorizes this court to award reasonable attorney's fees and costs of action to either party in an ERISA action.

22.

As a result of the actions and failings of the Defendant, Plaintiff has retained the services of legal counsel and has necessarily incurred attorney's fees and costs in prosecuting this action. Further, Plaintiff anticipates incurring additional attorney's fees and costs in pursuing this action, all in a final amount which is currently unknown. Plaintiff therefore requests an award of reasonable attorney's fees and costs.

THEREFORE, Plaintiff demands judgment as follows:

A. For a declaration regarding the Defendant's noncompliance with minimum requirements of ERISA and other federal and state laws in connection with the denial of benefits;

B. For benefits payable under the Plan to reimburse Plaintiff for payments that Plaintiff has been entitled to receive;

C. For future benefits payable under the Plan Plaintiff is entitled to receive;

D. For an award of prejudgment interest;

E. For an award of reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g)(1);

F. For costs incurred; and

G. For such other and further relief as the court deems appropriate.

RESPECTFULLY SUBMITTED,

HUDSON, POTTS & BERNSTEIN, L.L.P.
Post Office Box 3008
Monroe, Louisiana 71210
(318) 388-4400

/s/ Jason R. Smith

_____
BRIAN P. BOWES #20120
JASON R. SMITH #34981
Attorneys for Plaintiff